UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFORY LYNN SHOOK,<br><br>    Plaintiff,<br><br>    v.<br><br>SAM McLEOD, et al.,<br><br>    Defendants. | No.  2:20-cv-01146 JAM AC PS<br><br><br>ORDER |

Plaintiff, who began this case as a state prisoner proceeding pro se but has since been released from custody, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

### I.    Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

### II.    Statutory Screening of IFP Complaints

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### III. Complaint

Plaintiff filed a form complaint, alleging violation of his Fourteenth Amendment rights by excessive use of force. ECF No. 1 at 3. Plaintiff's complaint states in its entirety, with respect to his legal claims, "Abuse of authority and property damage unnecessary force to break in to residence causing damage and frightening my elderly mother even after she gave a second key Deputies kicked in my door." Id. Plaintiff alleges his injuries are mental and emotional distress. Id. Plaintiff seeks monetary relief in the amount of $25,000 and injunctive relief, including a change in his probation officers. Id. at 6.

### IV. Failure to State a Claim

Plaintiff's complaint does not state enough facts, and therefore must be rejected under the standard provided by Fed. R. Civ. P. 12(b)(6). The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. Mapp v. Ohio, 367 U.S. 643, 655 (1961). Where a plaintiff asserts a claim of excessive force in violation of the Fourth Amendment courts must engage in "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interest' against the countervailing governmental interests at stake." Fontana v. Haskin, 262 F.3d 871, 880 at 880 (9th Cir.2001) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). However, some police actions amount to a de minimis level of imposition with which the Constitution is not concerned. Endsley v. Luna, 750 F.Supp.2d 1074, 1096 (C.D. Cal. 2010) aff'd, 473 F. App'x 745 (9th Cir. 2012) (holding that a defendant pulling a chair out from under a plaintiff who was trying

to recline constitutes a de minimis use of force). Accordingly, in order to state a claim for relief plaintiff must allege facts showing that defendants used an unreasonable level of force in light of the governmental interests at stake. The facts plaintiff alleged are so minimal that the Court has no context for the use of force at issue, and therefore cannot determine whether the facts support a claim upon which relief may be granted.

Second, in addition to the officers who knocked down his door, plaintiff sues Placer County, though he does not make any specific allegations against the County. A county's failure to train its employees may create § 1983 liability where the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir.2006); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir.2001). To state a § 1983 claim based on a failure to properly train plaintiff must show: "(1) [plaintiff] was deprived of a constitutional right, (2) the municipality had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact;' and (3) [plaintiff's] constitutional injury would have been avoided had the municipality properly trained those officers." Young v. City of Visalia, 687 F.Supp.2d 1141, 1148 (E.D. Cal. 2009) (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir.2007)). To state a claim against the County, plaintiff would need to state facts supporting these elements of the claim.

## V.     Leave to Amend

For the reasons explained above, the complaint in its present form is subject to dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff will be granted leave to amend. If plaintiff chooses to file a first amended complaint, he must demonstrate how the use of force about which he complains resulted in a deprivation of his constitutional rights, and how the County is involved. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1 Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations
2 are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
3       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
4 his first amended complaint complete. Local Rule 220 requires that an amended complaint be
5 complete in itself without reference to any prior pleading. This is because, as a general rule, an
6 amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
7 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th
8 Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled
9 in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended
10 complaint, the original complaint no longer serves any function in the case. Therefore, in an
11 amended complaint, as in an original complaint, each claim and the involvement of each
12 defendant must be sufficiently alleged.

### VI.  Plain Language Summary of this Order for a Pro Se Litigant

14       Your complaint does not include enough information to state a claim for relief, and so the
15 case cannot proceed unless you file an amended complaint. An amended complaint needs to tell
16 the story of what happened, including who did what, and how that action violated the law. If you
17 want to bring a claim against the County, you need to make specific claims against it, including
18 specific County policies that led to the defendant officers' illegal actions. A County can't be sued
19 for what its employees do, but only for its own unconstitutional acts like policies that cause
20 violations of people's rights.
21       If you choose to amend your complaint, the first amended complaint must include all of
22 the claims you want to make because the court will not look at the claims or information in the
23 original complaint. Any claims not in the first amended complaint will not be considered.

### VII.  Conclusion

25       In accordance with the above, IT IS HEREBY ORDERED that:
26       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
27       2. Plaintiff's complaint is found not suitable for service and is rejected with leave to
28 amend.

5

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

DATED: June 17, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE